# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REHEIM M. HARRIS**, | : | CIVIL ACTION NO. 1:11-CV-1024 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RICARDO MARTINEZ**, | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, in which Reheim M. Harris ("petitioner" or Harris), an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, alleges that the Federal Bureau of Prisons ("BOP") incorrectly computed his federal sentence by not crediting him with thirty-eight months of time spent in state custody on a criminal offense he argues is related to the federal offense. (Doc. 1, at 2.) For the reasons set forth below, the petition will be denied.

## I. **Background**

On May 11, 2007, petitioner was sentenced in the Court of Common Pleas of Cambria County in Criminal Case No. 980-06, to a term of imprisonment of two to five years for "Criminal Conspiracy – Delivery of Cocaine" stemming from an April 24, 2006 arrest. (Doc. 9-1, at 5, ¶ 8.) On the same day as the sentencing, the sentence was modified to allow petitioner to serve the sentence on home

confinement.  (Id. at ¶ 9.)  He was released to home confinement on May 14, 2007.  (Id. at ¶ 10.)

On August 7, 2007, he was arrested by the Johnstown Police Department and Cambria County Drug Task Force and charged with False Identification to a Law Enforcement Officer in Court of Common Pleas of Cambria County Criminal Case No. 1647-07.  (Doc. 9-1, at 5, ¶ 11.)  The arrest stemmed from activity which occurred between January, 2007, and August 7, 2007.  (Id. at 6, ¶ 12.)  On January 18, 2008, he was sentenced to three to twelve months of incarceration, which sentence was to run consecutive to the two to five-year sentence he was serving in Criminal Case No. 980-06.  (Id. at ¶¶ 13-14.)

On February 25, 2008, he was taken into custody by the United States Marshal's Service ("USMS") *via* a writ of habeas corpus ad prosequendum to answer charges in the United States District Court for the Western District of Pennsylvania in federal criminal case CR 07-36-01J. (Doc. 9-1, at 6, ¶15; Doc. 9-1, at 27.) On or about February 8, 2010, he entered a plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute 100 Grams or More of Heroin and 5 Grams or More of Cocaine Base in violation of  21 U.S.C. § 846, and Possession With Intent to Distribute Less Than 100 Grams of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  In sentencing petitioner, the Court stated as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 months; this sentence consists of 120 months at each of Counts One and Fourteen, which shall be served

concurrently with each other and this sentence of the Court shall run concurrent with any other sentence that Defendant is serving from February 8, 2010 forward. This Court's intent is that Defendant's federal sentence shall begin February 8, 2010 and that the period of concurrence with the state sentence shall also begin February 8, 2010." (Doc. 9-1, at 31.)

Petitioner was returned to the custody of state authorities on February 8, 2010. (Doc. 9-1, at 7, ¶ 18; at 27.) On June 9, 2010, he was paroled from the state charges in Cambria County Criminal Case No. 980-06. (Doc. 9-2, at 2.) At that time, he began serving his consecutive three to twelve-month state sentence in Cambria County Criminal Case No. 1647-07. (Doc. 9-1, at 7, ¶ 20.)

On July 20, 2010, the sentenced imposed in Criminal Case No. 1647-07, was vacated. (Doc. 9-1, at 24.) However, on August 3, 2010, the order was amended to reflect that the sentence was suspended. (Id.)

On August 3, 2010, the USMS was notified that all county and state charges against petitioner were resolved and that he was in federal custody as of July 20, 2010. (Doc. 9-2, at 4.) The USMS assumed primary custody of petitioner and he was designated to a federal facility to complete his federal 120-month term of imprisonment. (Doc. 9-1, at 28.) His federal sentence was calculated to begin on February 8, 2010, the date of imposition. (Doc. 9-1, at 27-28, 31.)

Prior to commencing this action, he pursued administrative remedies. The Regional Director responded to the appeal as follows:

3

> A review of your appeal revealed, on August 7, 2007, you were arrested by Pennsylvania Police officials for violation of controlled substance offenses. On December 18, 2007, the state charges were dismissed. You remained in Pennsylvania State custody on pending state revocation charges. On January 18, 2008, you were sentenced by the Cambria County Court, for violation of parole. On February 25, 2008, you were "borrowed" from Pennsylvania State authorities via a federal writ of habeas corpus for prosecution on federal charges. On February 8, 2010, you were sentenced in the United States District Court for the Western District of Pennsylvania, to 120 months "concurrent with any other sentence that Defendant is serving from February 8, 2010 forward." The state authorities had primary custodial jurisdiction over you until you completed your state sentence. Your production for federal prosecution via a federal writ of habeas corpus ad prosequendum did not shift primary jurisdiction from the state. Your federal sentence began on the date imposed, February 8, 2010, the earliest date possible under 18 U.S.C. § 3585(a).
>
> Credit for time in detention prior to the sentence commencing is governed by 18 U.S.C. § 3585(b), which prohibits prior custody credit toward a federal sentence when credit is awarded toward another sentence. The Designation and Computation Center (DSCC) correctly found you were not entitled to additional credit under 18 U.S.C. § 3585(b), since that time was credited toward your state sentence. Accordingly, your appeal is denied.

(Doc. 1, at 6.) The instant petition was filed on May 27, 2011. (Doc. 1.) He has a projected release date of October 25, 2018, *via* Good Conduct Time release. (Doc. 9-2, at 13.)

## II. **Discussion**

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity. See United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d

4

Cir. 2001). Thus, petitioner has properly invoked section 2241 to challenge the determination of sentencing credit by the Federal Bureau of Prisons ("BOP") and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, United States v. Wilson, 503 U.S. 329, 331 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the BOP. 28 C.F.R. § 0.96 (1992). The following statutes are relevant to sentence computation: 18 U.S.C. § 3584(a), which governs a federal court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the grant of credit against a federal sentence for time spent in custody prior to trial. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). (Doc. 9-2, at 6- 9.)

**A.    Date Upon Which a Federal Sentence Commences**

Section 3585(a) governs the commencement of service of a federal sentence and provides that a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In determining the date of commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date

5

the defendant is received in custody. . . ." 18 U.S.C. § 3585(a). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)." Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009).

In determining the commencement date of a federal sentence under 18 U.S.C. § 3585(a), the Court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If he is in primary federal custody, the federal sentence will commence upon imposition. See 18 U.S.C. § 3585(a). However, if the defendant is in primary non-federal custody at the time the federal sentence was imposed, the BOP must determine whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence. See 18 U.S.C. § 3584(a).[1]

The primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982). Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, e.g., bail release, dismissal

---

[1]Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

6

of the state charges, parole release, or expiration of the sentence." Chambers v. Holland, 920 F. Supp. 618, 622 (M.D.Pa. 1996) (citing United States v. Warren, 610 F.2d 680, 684–85 (9th Cir. 1980); and Roche v. Sizer, 675 F.2d 507, 510 (2d Cir. 1982) (finding federal government relinquished jurisdiction by releasing prisoner on bail)). The relinquishment of jurisdiction is an executive function, not a judicial function. Id. Significantly, a federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum. Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002); Chambers, 920 F. Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances.

In the matter *sub judice*, petitioner was in the primary non-federal custody of Cambria County, Pennsylvania officials during his tenure at the federal facility pursuant to a writ of habeas corpus ad prosequendum. As a result, he remained in the primary custody of the state and his federal sentence cannot begin to run earlier than the date on which it is imposed. Therefore, his federal sentence was properly computed as having commenced on the date of imposition, February 8, 2010.

**B. Prior Custody Credit**

Because the BOP computed his sentence as having commenced on the earliest possible date, his request for additional sentencing credit must be treated as a request for pre-commencement credit, known as prior custody credit, which is governed by 18 U.S.C. § 3585(b). This section provides the following:

7

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. The intent of the last clause is to prohibit double credit situations. United States v. Wilson, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001); United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

Petitioner seeks credit for thirty-eight months spent in state custody prior to the imposition of the federal sentence for a "criminal offense related to the federal offense." (Doc. 1, at 2.) Whether the state criminal conduct was related to the federal offense is immaterial because state records indicate, and it is undisputed, that all thirty-eight months were credited to his state sentence. Consequently, the BOP is statutorily precluded from granting prior custody credit under § 3585(b).

Further, his argument that the sentencing court intended to "adjust his federal sentence under U.S. Sentencing Guidelines for the time he was in state custody before the imposition of the federal sentence" is not supported by the record. (Doc. 1, at 2.) Federal law, specifically, 18 U.S.C. § 3584 and section 5G1.3 of

8

the United States Sentencing Guidelines ("U.S.S.G."), allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment. Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding)." Wilson, 503 U.S. at 404-05.

The sentencing court's authority under §5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. §3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.[2] Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002). In Ruggiano, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. §5G1.3(c). Id. To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should

---

[2]"A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Further, under U.S.S.G. § 5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b)." Escribano v. Schultz, Civ. No. 07-3204 (RBK), 2009 WL 3230833, at * 1 (D. N.J. Oct. 1, 2009)

9

ascribe to the sentencing court's directives." Rios, 201 F.3d at 264. When there is an ambiguity between the oral pronouncement of sentence and the written sentence, the court may recognize that the oral sentence "often consists of spontaneous remarks" that are "addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law." Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d 257, 268 (3d Cir. 2000). It is therefore essential to consider the context in which the statement is made. Id. at 134.

"Because the imposition of a concurrent sentence normally means that the sentence imposed is to run concurrently with the undischarged portion of the earlier-imposed sentence, it is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without any discussion. See 18 U.S.C. § 3584; Ruggiano, 307 F.3d 121, 133 (3d Cir. 2002)." Markland v. Nash, No. 05-4708, 2007 WL 776775, at * 8 (D. N.J. March 7, 2007). In cases where it has been concluded that the sentencing judge intended to impose a retroactively concurrent sentence, the sentencing court engaged in a dialog on the issue of credit for time served and explicitly directed that the defendant receive credit retroactive to the commencement date of defendant's earlier imposed sentence. See Ruggiano, 307 F.3d at 131, 135.

There is no indication that the sentencing judge had any intent of making the sentence retroactively concurrent or to further adjust petitioner's sentence. The judgment of conviction clearly and unequivocally states that "this sentence of the Court shall run concurrent with any other sentence that Defendant is serving from

10

February 8, 2010 forward," and that the "Court's intent is that Defendant's federal sentence shall begin February 8, 2010 and that the period of concurrence with the state sentence shall also begin February 8, 2010." (Doc. 9-1, at 35.)

## III. Conclusion

Based on the foregoing, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied. An appropriate Order accompanies this Memorandum.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:       October 31, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REHEIM M. HARRIS**, | : | CIVIL ACTION NO. 1:11-CV-1024 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RICARDO MARTINEZ**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 31st day of October, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.


       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge